**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**NATASHA KISSY MAMIE RILEY,**

      **Plaintiff,**

**v.**                          **CASE NO.: 4:21-CV-00313-AW-MAF**

**HECTOR CUEVAS,
et al.,**

      **Defendants.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, a non-prisoner proceeding *pro se* and *in forma pauperis*, initiated this case pursuant to 42 U.S.C. § 1983 and filed an amended complaint. ECF No. 7. For the reasons stated, the case warrants dismissal for failure to comply with court orders and because the complaint is legally insufficient.

**I.    Plaintiff's Amended Complaint, ECF No. 7.**

Plaintiff sues Defendants, Nadeene Cuevas, a Florida resident, and Hector Cuevas, a Texas resident, in their individual and official capacities. ECF No. 7, p. 3. Defendant Hector Cuevas is Plaintiff's ex-boyfriend. Id., p. 5. Plaintiff alleges her mind was lasered with scanners, which she claims is a procedure performed upon pedophiles. Id., p. 4. Plaintiff denies she is a

pedophile. Id. She believes that this procedure is controlling her body and mind. Id., p. 5. Plaintiff provides no details about when, where, or how the lasering occurred.

Additionally, Plaintiff claims the Defendants lied to a state investigator that she was maliciously infecting people with HIV; this ruined her reputation. Id. Plaintiff attributes no other set of facts to either defendant. She offers no dates relating to these allegations other than Defendant Hector Cuevas knew Plaintiff was HIV positive in 2008. As a remedy, Plaintiff asks this Court to order that the Defendants have their minds lasered and to force the Defendants into bankruptcy. ECF No. 7, p. 6. Plaintiff also seeks "damages and punitive damages" in no specific amount. Id.

## II.    Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as

practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

 "A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff filed a lawsuit against the Defendants but provided no set of facts for any acts or omissions attributable to them. For example, Plaintiff does not provide any facts who lasered her mind, how that was conducted, where it was conducted or when anything happened. See ECF No. 7, generally. Similarly, Plaintiff provides no factual details supporting a claim of defamation or slander. Finally, Plaintiff provides no indication of when any of her allegations occurred so that it is impossible to know if the statute of limitations has passed. This is insufficient to support any claim.

Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687

(2009)). Plaintiff must allege the facts which support the claim raised against each defendant. Legal conclusions are insufficient.

## III. Claims against Non-State Actors are Not Cognizable under Section 1983.

Plaintiff's Complaint is also subject dismissal to because she fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. American Manufacturers Mutual Ins. Company v. Sullivan, 526 U.S. 40 (1999); Willis v. University Health Services, Inc., 993 F.2d 837, 840 (11th Cir. 1993). State action requires (1) an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

Plaintiff has not made clear that Defendants violated her constitutional rights or other federal law. Moreover, as best can be determined, the Defendants are private individuals. Plaintiff presents no facts to suggest that they are state actors for Section 1983 purposes or that they have acted in concert with state actors. To the extent Plaintiff attempts to raise other tort

claims, she may avail herself of adequate state remedies under Florida tort law if the claims are not barred by the statute of limitations.

## IV.    Statute of Limitations

The statute of limitations period for Section 1983 claims arising in Florida is four years. <u>Chappell v. Rich</u>, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. § 95.11(3)(j). Federal courts must apply state law in determining the statute of limitations applicable to a Section 1983 action. "[T]he limitations period begins to run when the 'facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.'" <u>Heard v. Publix Supermarkets, Inc</u>., 808 F. App'x 904, 907 (11th Cir. 2020) (citing Fla. Stat. § 95.031(2)(a) (2019)).

Here, Plaintiff provides no dates for any of the allegations made. Plaintiff initiated this case on July 27, 2021. ECF No. 1. In short, any claim that stems from an act or omission that predates July 27, 2016, is likely be barred by the statute of limitations.

## V.    The Complaint Fails to Comply with the Local Rules and with the Court's Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" <u>Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc</u>., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting

Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). This Court cannot proceed with a complaint that fails to comport with the Rules.

The Court previously advised Plaintiff that her complaint amounted to a shotgun pleading, failed to state the elements of a Section 1983 action, and advised her about the statute of limitations. Accordingly, the Court provided directives to amend her complaint. The Clerk provided Plaintiff with the proper forms. The Court warned Plaintiff that failure to comply with court orders would result in a recommendation to dismiss the action. ECF No. 4. Dismissal is warranted.

## VI.    Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED** without prejudice for failure to comply with court orders

pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1 and as an impermissible shotgun pleading. <u>See also</u> <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989) ("while dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

IN CHAMBERS at Tallahassee, Florida, on September 8, 2021.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).